JAMES A. HOGLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104473. Promulgated January 20, 1942.

*Benjamin H. Saunders, Esq., G. A. Marr, Esq.,* and *C. W. Wilkins, Esq.,* for the petitioner.
*John H. Pigg, Esq.,* for the respondent.

126

OPINION.

STERNHAGEN: The issue in this proceeding grows from the determination by the Commissioner that the income of the Copley trust, of the three trust account, of the accounts for the children, and of the Rico Argentine commission, is all within the petitioner's gross

income. The petitioner contends as to all that it did not "belong" to him and is therefore not the subject of his tax liability. His argument is upon the familiar pattern in which emphasis is placed upon a nice regard for the limits of his power over the accounts and the income to prove that his power, control, use, and satisfaction are less than legal ownership. But this pattern is no longer sufficient to overcome the tax. Much more in substance must be demonstrated before the creator and controller of such a trust, account, or similar legal edifice can separate himself from the tax upon the income to which it is so closely related.

The general rationale of *Helvering* v. *Clifford*, 309 U. S. 331, now provides the supreme standard by which such cases are to be judged. That decision, considering a "temporary reallocation of income within an intimate family group", admonishes that "technical considerations, niceties of the law of trusts or conveyances, or the legal paraphernalia which inventive genius may construct as a refuge from surtaxes should not obscure the basic issue." "No one fact is normally decisive, but all considerations and circumstances of the kind mentioned are relevant."

The petitioner has retained and exercised over the subject of the trusts and accounts such dominion and control that for purposes of the income tax he has not divested himself of such ownership of income as is the basis of the tax. See *Commissioner* v. *Barbour*, 122 Fed. (2d) 165; certiorari denied, 314 U. S. 691; *Commissioner* v. *Buck*, 120 Fed. (2d) 775; *Sterling Morton*, 45 B. T. A. 771; cf. *Jones* v. *Norris*, 122 Fed. (2d) 6; *Commissioner* v. *Branch*, 114 Fed. (2d) 985. See Pavenstedt, The Broadened Scope of Section 22 (a) : The Evolution of the Clifford Doctrine, Yale Law Review, Dec. 1941. The petitioner had ample income for the needs of himself and family; the children were beneficiaries and the income remained in the family, which was harmonious; petitioner's control over the accounts was essentially the same as without the alleged trust arrangements, the "trustees" being completely subject to his direction by the terms of the arrangement as well as by reason of their subordinate relation to him. The fact that the stated period during which the arrangements were to be effective was longer than the five year term of the trust in the *Clifford* case is of slight consequence in view of the petitioner's sweeping power throughout their existence to direct trading and reinvestment. If the accounts and their interim income and profits had been wiped out by trading at petitioner's direction, his liability is difficult to state.

It is held that the income in all the accounts is properly part of petitioner's gross income for the respective years, and the Commissioner's determination is sustained.

*Decision will be entered for the respondent.*